UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
APR 0 9 2009

CLERK

*********************************************************************

| | | |
|---|---|---|
| MANDI LEIGH GRONSETH, | * | CIV 07-4163 |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER ON SUMMARY JUDGMENT AND CERTIFYING QUESTION TO SOUTH DAKOTA SUPREME COURT |
| CHESTER RURAL FIRE PROTECTION DISTRICT and CHESTER FIRE DEPARTMENT, | * | |
| Defendants. | * | |

*********************************************************************

Pending before the Court are Defendants' Motion for Summary Judgment, doc. 23, and Plaintiff's Motion for Partial Summary Judgment, doc. 27. For the following reasons, the Defendants' Motion based on Plaintiff's dismissal of Tim Bauman from the lawsuit will be denied, the Court will certify a question to the South Dakota Supreme Court regarding Defendants' claim of immunity pursuant to SDCL § 20-9-4.1, and Plaintiff's motion will be denied.

## BACKGROUND

This is a diversity action arising out of a two-vehicle accident that occurred north of Chester, South Dakota, on Lake County Road 15 in rural Lake County. Plaintiff, Mandi Leigh Gronseth, was a passenger in her vehicle driven by Raymond Gabriel when it was involved in an accident with a vehicle driven by Tim Bauman. Bauman is a volunteer firefighter for Defendants ("Chester Fire"). On July 4, 2007, Bauman received a page informing him that there was a trailer house fire involving children with no adults present. In response to the page, Bauman was driving his personal vehicle, a pickup, to the fire hall in Chester. Bauman had the flashers on as he drove south on Lake County Road 15. Plaintiff and Gabriel were traveling north on Lake County Road 15, and Gabriel made a left turn in front of Bauman's pickup. The pickup collided with Plaintiff's car, seriously injuring

Plaintiff who has incurred more than $750,000 in medical expenses. Plaintiff has agreed that she will not seek to recover more than the applicable liability insurance limits.

Plaintiff named Bauman and Chester Fire as defendants in the Complaint. One count of negligence was alleged against Bauman, and Plaintiff asserts that Chester Fire is vicariously liable for Bauman's conduct under the theory of respondeat superior. As a result of communications between the lawyers, in October of 2008, Plaintiff voluntarily dismissed her claim against Bauman with prejudice through a stipulation of all parties. This Court entered a Judgment of Dismissal of Bauman, with prejudice and on the merits.

Defendants contend they are entitled to summary judgment because Plaintiff's dismissal of Bauman, the agent, is fatal to the vicarious liability claim against Chester Fire, the principal. Defendants also assert that they are immune from liability pursuant to South Dakota's emergency statute, SDCL § 20-9-4.1. Plaintiff seeks partial summary judgment in her favor on the negligence and proximate cause issues.

## DISCUSSION

A. <u>Summary Judgment Standard</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. FED.R.CIV.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Once the moving party has met its burden, the non-moving party may not rest on the allegations of its pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. FED.R.CIV.P. 56(e); *Anderson*, 477 U.S. at 257; *City of Mt. Pleasant v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273-74 (8th Cir. 1988). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

B.   Defendants' Motion for Summary Judgment Based on Dismissal of Bauman

In October, 2008, Plaintiff stipulated to dismiss her claim against Bauman, Chester Fire's agent/employee, with prejudice and on the merits. The stipulation was signed by counsel for all of the parties[1], and it was reached only after counsel for Plaintiff asked counsel for Chester Fire to agree that Chester Fire is responsible for Bauman's negligence. In a letter to Plaintiff's counsel dated September 16, 2008, counsel for Chester Fire said:

> On behalf of the Chester Rural Fire Protection District and Chester Fire Department, I agree that Tim Bauman can be dismissed from this case. According to his testimony he was acting in the course of his duties as a volunteer fireman at the time of the accident. That is all I am willing to stipulate to. Quite frankly, I do not see a need for any stipulation on that. You can simply dismiss Mr. Bauman from the lawsuit and I see no need for any additional stipulations, because his testimony on that issue is clear.

(Doc. 33-4.) After receiving this assurance from Chester Fire's lawyer, Plaintiff's lawyer agreed to dismiss Bauman from the lawsuit. It is undisputed that Plaintiff received nothing in exchange for

---

[1] Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure provides that a plaintiff "may dismiss an action without a court order by filing" either: "(I) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed.R.Civ.P. 41(a)(1)(A). While no order of the Court is necessary to approve a stipulated dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the stipulation appeared on the Court's docket in this case as a Motion requiring a ruling. Accordingly, for purposes of docket maintenance, the Court entered a Judgment of Dismissal of Tim Bauman, doc. 17.

dismissing Bauman. Counsel for Bauman prepared and circulated a stipulation which provided that the Complaint of the Plaintiff against Defendant Tim Bauman, and all causes of action thereunder which are asserted or could have been asserted, may hereby be dismissed, on the merits, with prejudice, and without costs or further notice to any of the parties. Counsel for Plaintiff signed that stipulation on October 2, 2008. When counsel for Chester Fire received it, he saw that the dismissal was with prejudice and knew that it might affect Plaintiff's claim against Chester Fire. Feeling he had no obligation to protect Plaintiff's interests, counsel for Chester Fire signed the stipulation and forwarded it to Bauman's lawyer. Bauman's lawyer signed and filed the stipulation. A Judgment dismissing all claims against Bauman with prejudice and on the merits was issued on October 9, 2008.

Chester Fire argues that Plaintiff now is without a remedy for her injuries because her claim for vicarious liability against Chester Fire is barred by dismissal of Bauman from the lawsuit. Chester Fire relies on the South Dakota Supreme Court's decision in *Estate of Williams ex rel. Williams v. Vandeberg*, 620 N.W.2d 187 (S.D. 2000), holding that release of an agent is a release of the principal, even when the release contains an express reservation of the claim against the principal.

To begin, the Court rejects Chester Fire's argument that South Dakota law controls the issue of the preclusive effect of the judgment of dismissal in this case which was issued pursuant to federal law. *See Alumax Mill Prods., Inc. v. Congress Fin. Corp.*, 912 F.2d 996, 1012 (8th Cir. 1990) (preclusive effects of a federal judgment are measured by federal law in subsequent federal litigation).

It is true that the Eighth Circuit has ruled that, generally, a voluntary dismissal with prejudice constitutes a final judgment on the merits for purposes of res judicata. *See Larken, Inc. v. Wray*, 189 F.3d 729, 732 (8th Cir. 1999) (examining circumstances surrounding the settlement of first lawsuit to ascertain whether the parties intended to resolve the claim brought in second lawsuit); *TCBY Systems, Inc. v. EGB Associates, Inc.*, 2 F.3d 288 (8th Cir. 1993) (enforcing the settlement reached

4

by letters between the parties, including defendant's agreement to pay $28,000 and dismiss the case with prejudice, which necessarily included defendant's counterclaim). The parties, however, have not cited an Eighth Circuit case on point, and it appears that the Eighth Circuit has not addressed the preclusive effect of a Rule 41(a)(1) dismissal of an agent/employee in an action against the principal/employer. Chester Fire relies heavily on *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498 (11th Cir. 1990), where the Court concluded that a dismissal with prejudice of the agent destroyed any vicarious liability claim against the principal. *Citibank* is distinguishable from the present case because, after ten years of litigation, the plaintiff settled with the agents for $1 million pursuant to a settlement agreement which was reached without the principal's involvement. In contrast, Plaintiff received nothing in exchange for dismissing Bauman, and she refused to dismiss Bauman until Chester Fire agreed that it was responsible for Bauman's negligence.

As contrary authority for the proposition that a stipulation of dismissal with prejudice constitutes a final judgment on the merits which bars a later suit on the same cause of action, the Eleventh Circuit in *Citibank* cited *Gall v. South Branch Nat. Bank of S.D.*, 783 F.2d 125, 127 (8th Cir. 1986). In *Gall*, the plaintiff had stipulated in a bankruptcy proceeding that she owed the Bank money due on a promissory note. Gall later commenced suit against the Bank alleging fraud and conversion claims. The district court held that the stipulation of liability between Gall and the Bank in the bankruptcy proceeding rendered Gall's fraud and conversion claims against the Bank res judicata. The Eighth Circuit disagreed, holding that both res judicata and collateral estoppel "are premised on a finding that there has been an adjudication *on the merits* in a prior proceeding." *Id.* at 127 (emphasis in the original). "These doctrines thus do not apply where, as here, the issues or causes of action sought to be precluded in a subsequent proceeding were allegedly determined in a stipulation or a judgment by consent." *Id.* Applying this reasoning to the present case, Plaintiff's stipulation to dismiss Bauman, without more, should not preclude Plaintiff from proceeding against Chester Fire.

The Court is also guided by the Eighth Circuit's decision in *United States v. Brekke*, 97 F.3d 1043 (8th Cir. 1996). In *Brekke*, the Eighth Circuit denied issue preclusion in a case where the only

5

fact contained in the judgment of dismissal was that the parties stipulated to the dismissal of the action. The criminal defendants in *Brekke* had earlier settled a False Claims Act civil action brought by the Small Business Administration against them. The Eighth Circuit held that the stipulation for dismissal did not establish issue preclusion in the subsequent prosecution for bank fraud arising out of the same transactions. Noting that a criminal defendant may assert the issue-preclusive effect of a prior civil action, the Eighth Circuit ruled that issue preclusion ordinarily does not arise from a consent judgment; it is appropriate only if "it is clearly shown that the parties intended to foreclose a particular issue in future litigation." *Id.* at 1049.

Applying the principles of *Gall* and *Brekke* to the circumstances in the present case, the Court finds that Plaintiff's vicarious liability claim against Chester Fire is not precluded by dismissal of Bauman. The record is clear that, by entering into the stipulation to dismiss Bauman, none of the parties intended to foreclose Plaintiff's vicarious liability claim against Chester Fire. Based on the intent of the parties, no consideration, and the lack of any actual adjudication, dismissal of Bauman from the lawsuit is not fatal to Plaintiff's claim against Chester Fire.

In reaching this conclusion, the Court agrees with the reasoning of the Montana Supreme Court when it stated:

> We conclude that the better rule is that dismissal of a defendant "with prejudice" does not release other defendants who may be liable under a theory of respondeat superior, unless the document intends to do so, or the payment is full compensation, or the release expressly so provides. This [conclusion] ... reflects the tactical reality of dismissals of less than all defendants in multi-party tort litigation. It also reflects the inappropriateness in modern practice of an interpretation which finally disposes of substantive issues based on a technical misstep by counsel.

*Cantrell v. Henderson*, 718 P.2d 318, 321 (Mont. 1986) (dismissal with prejudice of defendant employee was not meant to adjudicate merits and does not exonerate employer from respondeat superior liability). *See also Brosamle v. Mapco Gas Products, Inc.*, 427 N.W.2d 473 (Iowa 1988) (voluntary dismissal of employee with prejudice was not res judicata and plaintiffs could proceed with their action against employer).

Furthermore, this result fulfills the public policy behind the doctrine of respondeat superior, as explained by the Eighth Circuit:

> The respondeat superior principle holds liable the "innocent" master (with the infamous "deep pocket") for the torts committed by his servant in the course of his employment. The modern justification for respondeat superior is that it is
>
> "... a rule of policy, *a deliberate allocation of a risk*. The losses caused by the torts of employees, which is a practical matter are sure to occur in the conduct of the employer's enterprise, are placed upon that enterprise itself, as a required cost of doing business. They are placed upon the employer because, having engaged in an enterprise which will, on the basis of all past experience, involve harm to others through the torts of employees, and sought to profit by it, it is just that he, rather than the innocent injured plaintiff, should bear them; and because he is better able to absorb them, and to distribute them, through prices, rates or liability insurance, to the public, and so to shift them to society, to the community at large. Added to this is the makeweight argument that an employer who is held strictly liable is under the greatest incentive to be careful in the selection, instruction and supervision of his servants, and to take every precaution to see that the enterprise is conducted safely." (emphasis added) W. Prosser, Law of Torts, 458-459 (4th ed. 1971).

*Jennings v. Davis*, 476 F.2d 1271, 1274 -1275 (8th Cir.1973).

For these reasons, Defendant's Motion for Summary Judgment based on Plaintiff's dismissal of Bauman is denied.

C.  Defendants' Motion for Summary Judgment Based on SDCL § 20-9-4.1

Defendants assert that they are immune from Plaintiff's claim pursuant to SDCL § 20-9-4.1 which provides:

> **20-9-4.1. General immunity from liability for emergency care--Exceptions**
> No peace officer, conservation officer, member of any fire department, police department and their first aid, rescue or emergency squad, or any citizen acting as such as a volunteer, or any other person is liable for any civil damages as a result of their acts of commission or omission arising out of and in the course of their rendering in good faith, any emergency care and services during an emergency which is in their judgment indicated and necessary at the time. Such relief from liability for civil damages shall extend to the operation of any motor vehicle in connection with any such care or services.

7

> Nothing in this section grants any such relief to any person causing any damage by his willful, wanton or reckless act of commission or omission.

SDCL § 20-9-4.1.

Defendants argue the statute applies because Bauman was responding to an emergency in the course of his agency for the fire department, he was providing emergency services, and his accident arose out of and in the course of those emergency services through the use of a motor vehicle. There are no South Dakota Supreme Court cases interpreting this statute. The Court may certify a question of law to the South Dakota Supreme Court, "if there are questions of law of [the State of South Dakota] involved in any proceeding before the certifying court which may be determinative of the cause pending in the certifying court and it appears to the certifying court and to the Supreme Court that there is no controlling precedent in the decisions of the Supreme Court of this state." SDCL § 15-24A-1. It is a question of law whether this statute is applicable. The answer to the question may be determinative of whether the Defendants are entitled to dismissal of Plaintiff's claim. At the very least, if the statute is applicable, Plaintiff would have to prove a willful, wanton or reckless act of commission or omission, a high burden in a motor vehicle case, especially where no alcohol was involved. This is an important question of state law that affects every entity and individual who provides emergency care and services during an emergency, as well as those who receive such care and services. Depending upon how the statute is interpreted, it also could affect persons who are neither rendering nor receiving emergency care, such as in the present case. Given the lack of South Dakota law interpreting this statute, the Court has decided to certify the following question to the South Dakota Supreme Court: The Defendant driver was driving his own vehicle to the fire hall from which the firemen would then drive an emergency vehicle to the scene of the fire. Is the driving to the fire hall "any emergency care and services during an emergency. . . ." so that SDCL § 20-9-4.1 would preclude liability to Plaintiff passenger unless Plaintiff showed the causing of "any damage by [Defendant's] willful, wanton or reckless act of commission or omission"?

8

D.   Plaintiff's Motion for Partial Summary Judgment

Plaintiff argues that there are no undisputed issues of material fact to be determined by a jury regarding the cause of the accident because it is undisputed that, at the time of impact, Bauman was going at least 55 miles per hour at the time of impact where the posted speed limit was 40 miles per hour. While Plaintiff acknowledges South Dakota courts have never held that violating the speed limit is negligence per se, Plaintiff contends that she is entitled to judgment as a matter of law on the issues of negligence and proximate cause.

Summary judgment is proper only if the facts, and all reasonable inferences flowing therefrom, viewed in the light most favorable to Chester Fire, will lead a reasonable mind to only one possible conclusion. It is an extremely high burden for Plaintiff to overcome, and it is rare that the issue of proximate cause is taken from the jury. *See Baddou v. Hall*, 756 N.W.2d 554, 562 (S.D. 2008). The pleadings filed in support of and in opposition to Plaintiff's motion for partial summary judgment are in dispute as to whether Bauman's speed or Gabriel's inattentiveness caused the accident. Chester Fire's expert report indicates that the Bauman pickup would have been visible for about eight seconds from the point where Gabriel was turning. The expert report also shows Gabriel turned when Bauman was approximately two hundred feet away from Plaintiff's vehicle, and this was too close even if the Bauman pickup was traveling 40 miles per hour, the posted speed limit. Notwithstanding Bauman's excessive speed, Chester Fire's expert indicates the accident may not have occurred in the absence of Gabriel's unsafe turn. The person in the car immediately behind Gabriel testified she saw the pickup and was surprised when Gabriel turned. The Court recognizes that Gabriel's negligence is not imputed to Plaintiff as a passenger. Viewing the evidence in the light most favorable to Chester Fire, genuine issues of material fact exist concerning proximate cause and the negligence of Bauman and Gabriel and, therefore, Plaintiff's motion for partial summary judgment must be denied. Accordingly,

IT IS ORDERED:
(1)   That Defendants' Motion for Summary Judgment, doc. 23, is denied to the extent it is based on Plaintiff's dismissal of Mr. Bauman from the lawsuit.

(2) That Plaintiff's Motion for Partial Summary Judgment, doc. 27, is denied.

(3) That, pursuant to SDCL § 15-24A-1, the Court will certify the following question to the South Dakota Supreme Court:

> The Defendant driver was driving his own vehicle to the fire hall from which the firemen would then drive an emergency vehicle to the scene of the fire. Is the driving to the fire hall "any emergency care and services during an emergency. . . ." so that SDCL § 20-9-4.1 would preclude liability to Plaintiff passenger unless Plaintiff showed the causing of "any damage by [Defendant's] willful, wanton or reckless act of commission or omission"?

(4) That the Clerk of Court shall forward this certification order under official seal to the South Dakota Supreme Court, pursuant to SDCL § 15-24A-5.

(5) That the caption in this case is amended as follows:

MANDI LEIGH GRONSETH,

       Plaintiff,

vs.

CHESTER RURAL FIRE PROTECTION DISTRICT and CHESTER FIRE DEPARTMENT,

       Defendants.

(6) That the trial of this case is postponed until further order of this Court.

Dated this 9th day of April, 2009.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
   (SEAL)   DEPUTY