

**FILED**
**MAR 0 3 2011**

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MANDI LEIGH GRONSETH, | \* | CIV 07-4163 |
| | \* | |
| Plaintiff, | \* | |
| | \* | MEMORANDUM OPINION |
| -vs- | \* | AND ORDER ON SUMMARY |
| | \* | JUDGMENT AND |
| CHESTER RURAL FIRE PROTECTION | \* | MOTION TO AMEND COMPLAINT |
| DISTRICT and CHESTER FIRE | \* | |
| DEPARTMENT, | \* | |
| | \* | |
| Defendants. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Plaintiff's Motion to Amend Complaint, doc. 58, and Defendants' renewed Motion for Summary Judgment. For the following reasons, Plaintiff's Motion to Amend the Complaint will be granted and Defendants' Motion will be denied.

## BACKGROUND

The background of this case was set forth in the Court's Memorandum Opinion and order issued on April 9, 2009. (Doc. 50.) It is a diversity action arising out of a two-vehicle accident that occurred north of Chester, South Dakota, on Lake County Road 15 in rural Lake County. Plaintiff, Mandi Leigh Gronseth, was a passenger in her vehicle driven by Raymond Gabriel when it was involved in an accident with a vehicle driven by Tim Bauman. Bauman is a volunteer firefighter for Defendants ("Chester Fire"). On July 4, 2007, Bauman received a page informing him that there was a trailer house fire involving children with no adults present. In response to the page, Bauman was driving his personal vehicle, a pickup, to the fire hall in Chester. Bauman had the flashers on as he drove south on Lake County Road 15. Plaintiff and Gabriel were traveling north on Lake County Road 15, and Gabriel made a left turn in front of Bauman's pickup. The pickup collided with Plaintiff's car, seriously injuring Plaintiff who has incurred more than $750,000 in medical expenses. Plaintiff agreed that she will not seek to recover more than the applicable liability insurance limits.

Plaintiff named Bauman and Chester Fire as defendants in the Complaint. One count of negligence was alleged against Bauman, and Plaintiff asserted that Chester Fire is vicariously liable for Bauman's conduct under the theory of respondeat superior. As a result of communications between the lawyers, in October of 2008, Plaintiff voluntarily dismissed her claim against Bauman with prejudice through a stipulation of all parties. This Court entered a Judgment of Dismissal of Bauman, with prejudice and on the merits.

Defendants sought summary judgment based in part on claimed immunity from liability pursuant to South Dakota's emergency statute, SDCL § 20-9-4.1, which provides:

> **20-9-4.1. General immunity from liability for emergency care--Exceptions**
> No peace officer, conservation officer, member of any fire department, police department and their first aid, rescue or emergency squad, or any citizen acting as such as a volunteer, or any other person is liable for any civil damages as a result of their acts of commission or omission arising out of and in the course of their rendering in good faith, any emergency care and services during an emergency which is in their judgment indicated and necessary at the time. Such relief from liability for civil damages shall extend to the operation of any motor vehicle in connection with any such care or services.
>
> Nothing in this section grants any such relief to any person causing any damage by his willful, wanton or reckless act of commission or omission.

SDCL § 20-9-4.1. Given the lack of South Dakota law interpreting the statute, this Court certified the following question to the South Dakota Supreme Court: "The Defendant driver was driving his own vehicle to the fire hall from which the firemen would then drive an emergency vehicle to the scene of the fire. Is the driving to the fire hall 'any emergency care and services during an emergency. . . .' so that SDCL § 20-9-4.1 would preclude liability to Plaintiff passenger unless Plaintiff showed the causing of 'any damage by [Defendant's] willful, wanton or reckless act of commission or omission'?" The South Dakota Supreme Court issued its opinion on February 17, 2010, holding that the driver is immune from liability unless Plaintiff shows willful, wanton or reckless conduct.

Subsequently, Defendants renewed their motion for summary judgment, arguing they are entitled to judgment as a matter of law because the conduct of Bauman was not willful, wanton or reckless within the meaning of SDCL § 20-9-4.1.

Shortly thereafter, Plaintiff moved to amend the complaint to drop the negligence count and add a recklessness count against Bauman, and asserting that Chester Fire is liable for Bauman's conduct under the theory of respondeat superior. Plaintiff also seeks leave to add a count of negligence against Defendants directly for negligently failing to provide adequate emergency equipment, including lights and radios, and negligently failing to provide adequate training and supervision to their volunteer firefighters. Defendants object to the amendment.

## DISCUSSION

A.   Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c)(1); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of its pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c)(1); *Anderson*, 477 U.S. at 257; *City of Mt. Pleasant v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273-74 (8th Cir. 1988).

Defendants argue that it is undisputed Bauman did not act recklessly because he could not have realized Mr. Gabriel would unexpectedly and negligently turn in front of Bauman's pickup. Plaintiff points out that Bauman was speeding and that he should have known vehicles might turn

3

where Mr. Gabriel turned. Bauman had driven the road hundreds of times and knew the speed limit. He knew oncoming traffic turned west into the area known as Horizon Heights, yet he traveled up the hill at 81 miles per hour in a 55 mile per hour zone. Plaintiff's expert report indicates that Bauman was traveling almost 70 miles per hour at the point of impact, which was in a 40 mile per hour zone. Summary judgment is proper only if the facts, and all reasonable inferences flowing therefrom, viewed in the light most favorable to Plaintiff, will lead a reasonable mind to only one possible conclusion. Viewing the evidence in the light most favorable to Plaintiff for purposes of this motion, genuine issues of material fact exist concerning whether Bauman's conduct rose to the level of recklessness. Thus, Defendants' motion for summary judgment must be denied.

B.      Motion to Amend Complaint

"The Federal Rules of Civil Procedure liberally permit amendments to pleadings." *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000); *see also* Fed. R. Civ. P. 15(a). Leave to amend should normally be granted absent good reasons to the contrary. *See Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). "A district court can refuse to grant leave to amend a pleading only where it will result in 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Dennis*, 207 F.3d at 525 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Prior to the motion to amend the complaint, Plaintiff's claim against Defendants was that they are vicariously liable for Bauman's conduct under the doctrine of respondeat superior.[1] Plaintiff wants to add a negligence claim directly against Defendants for negligently failing to provide adequate emergency equipment, including lights and radios, and negligently failing to provide adequate training and supervision to their volunteer firefighters. Defendants argue the motion to amend is untimely because Plaintiff had the evidence supporting the claim two years ago, before the

---

[1] Presumably due to the South Dakota Supreme Court's recent interpretation of SDCL § 20-9.4.1, Defendants raise no specific objections to Plaintiff dropping the negligence count against Bauman and adding the recklessness count. The Court will allow that amendment.

4

deadline for amendment and before the close of discovery. According to Plaintiff, a change in the law and circumstances make the direct negligence claim against Defendants timely. At the time the scheduling deadline expired, the South Dakota Supreme Court had never interpreted SDCL § 20-9-4.1, and Plaintiff did not expect the Supreme Court to rule that speeding to the fire hall was "rendering emergency care or services." Plaintiff did not feel the need to file the direct negligence claim prior to the Supreme Court's ruling that SDCL § 20-9-4.1 applied to these facts because Plaintiff believed Defendants were liable in negligence for the actions of their employee. The Supreme Court's ruling requires Plaintiff to prove reckless conduct by Bauman in order to prevail under the respondeat superior doctrine, and Defendants agree that this is a very high burden in a motor vehicle case. The Court finds good cause for the Plaintiff's amendment in light of the Supreme Court's interpretation of the immunity statute.

Defendants maintain that they will be prejudiced by the untimely new theory of liability because it will require more discovery and potential expert testimony. Plaintiff argues Defendants will not be unduly prejudiced because they were aware of Bauman's deposition testimony regarding the lack of training, problems with radios, and absence of emergency lights, and any additional information Defendants seek regarding this claim could be obtained from their own clients. The trial in this case was indefinitely postponed in order to certify the question to the South Dakota Supreme Court, and a new trial date has not yet been set. The Defendants will be accorded sufficient time to conduct the necessary discovery. Weighing the potential prejudice to Defendants against the hardship to Plaintiff who has suffered extensive damages as a result of the accident, the balance weighs in favor of allowing her to seek recovery from Defendants under the direct negligence cause of action. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) ("Any prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing the amendment.")

Finally, Defendants claim that the amendment would be futile because they believe the direct negligence claim against them is barred by the immunity statute discussed above, SDCL § 20-9-4.1, which provides immunity for damages arising out of negligent rendering of emergency services

5

including the operation of a motor vehicle in connection with providing such services. Plaintiff counters that the amendment would not be futile because Defendants' negligence did not occur during the emergency, and thus SDCL § 20-9-4.1 does not immunize them from liability. A motion to amend a complaint should be denied on the merits only if it asserts clearly frivolous claims, and the likelihood of success on the new claim is not a consideration for denying leave to amend to add a claim unless the claim is clearly frivolous. *See Becker v. University of Nebraska, at Omaha*, 191 F.3d 904, 908 (8th Cir.1999). Without deciding the question of immunity, the Court does not believe Plaintiff's direct negligence claim is clearly frivolous and the Court rejects Defendants' futility argument, as well as the other arguments in opposition to amending the complaint. Accordingly,

IT IS ORDERED:

(1) That Defendants' Motion for Summary Judgment is denied.

(2) That Plaintiff's Motion for Leave to File Amended Complaint, doc. 58, is granted and Plaintiff shall file a clean original of the amended pleading with the Clerk of court within 7 days of the date of this Order.

(3) That the Court will issue a new Order for Form 52 Report and Scheduling Information after Defendants file an Answer to the Amended Complaint.

Dated this 2nd day of March, 2011.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY:_____
(SEAL)    DEPUTY